Reese, J.
delivered the opinion of the court.
The question presented by the record in this case relates to the validity of the privy examination of the complainant to a deed of conveyance made by her and her husband, on the 10th day of April, 1822. This privy examination took place and is recorded in the county court of Giles, on the 1st of June, 1822, and is in the words and figures following, to wit: “A deed of trust from James Rainey and Eliza W. Rainey, his wife, to Henry M. Newland, for the benefit of Edward D. Jones, was produced in court, and the execution thereof acknowledged by James Rainey and Edward D. Jones,* and thereupon the court proceeded to take the privy examination of the said Eliza W. Rainey, separate and apart from her husband, who says, she executed the same freely and voluntarily, and without fear or constraint.” By way of objection *357 to the validity of this proceeding, it has been urged, that, although the privy examination, as such, may be good, yet there must be an acknowledgment as well as a privy examination. But the acknowledgment is necessarily involved in the privy examination; this is conceded in the case of a privy examination taken before a judge. Yet, in reason and on principle, there is no diiference in the character of the proceeding, as involving both privy examination and acknowledgment, whether it take place before a court in its corporate capacity or before an individual commissioner. The idea that a privy examination cannot take place before a court, and be its corporate act, is not well founded. It is not, and it need not be privy, in any legal or other sense, except as it is separate and apart from, and without the presence of the husband. Such, at all events, is the view taken of the proceeding by our statutes on the subject. This, therefore, is a good privy examination, and involves also a valid acknowledgment of the instrument by the feme covert. The case, moreover, comes within the principle of the decision of Montgomery vs. Hobson, and if there were any doubt about it, it would be controlled by that case.
It is further said, that the probate is not good for the purpose of registration, under the decisions of this court on that subject; for, although the discription by the parties to it, namely “a deed of trust from James Rainey and Eliza W. Rainey, his wife, to Henry M. Newland, for the benefit of Edward D. Jones,” more than ordinarily identifies the instrument, still it does not contain a further element of description and identification in a reference to the subject matter of the deed or property conveyed, indicated as necessary in the case of 9th Yerger, on the general subject of probate. But, the 9th section of the act of 1839, in express reference to probates which had then taken place, makes the omission by the clerk in his certificate upon the deed, or in his entry upon the record, to give a description of the property contained in the deed, altogether immaterial, and declares the probate and registration to be valid without it. This statute obviates the force of the decision referred to, and makes valid the probate. The power to do so, so far as regards the deed, of *358 the wife, is, in argument, denied to the Legislature. I do not, as respects this branch of the question, comprehend the distinction, or perceive what difference the sex of the bar-gainor can make. As to the legal certainty of description or identification of the instrument by the record of probate, with a view to valid and effective registration, Rainey and his wife fall within the same category. The law, which is but a rule of evidence, is valid and effectual as to both.
Let the decree be affirmed.